UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF ARKANSAS
PINE BLUFF DIVISION

**LISA BARNES-MCNEELY**                                                                                    **PLAINTIFF**

**v.**                                      **CASE NO. 5:08-CV-00318 BSM**

**ARKANSAS DEPARTMENT OF HEALTH
AND HUMAN SERVICES, Pine Bluff Division;
GWEN WILLIAMS, Agency Supervisor/
Coordinator, in her official and individual
capacities; ROSEMARY CAUDLE, Supervisor,
in her official and individual capacities; MINNIE
BERRY, Agency Supervisor, in her official and
individual capacities; BEVERLY HARRIS, Fraud
Investigator, in her official and individual capacities;
MIKE LEAVETT, Director, Department of Health
and Human Services; ED SCHAFER, United States
Department of Agriculture**                                                         **DEFENDANTS**

## ORDER

Before the court are the motion to dismiss filed by defendants Gwen Williams, Rosemary Caudle, Minnie Berry, Beverly Harris, and the Arkansas Department of Human Services (collectively the "state defendants") (Doc. No. 11), and the motion to dismiss filed by defendants Michael Leavett, Director of the Department of Health and Human Services and Ed Schafer of the United States Department of Agriculture (collectively the "federal defendants") (Doc. No. 15). The response time has passed, and plaintiff Lisa Barnes-McNeely ("Barnes-McNeely") has failed to respond.

### I. MOTION TO DISMISS STANDARD

"Dismissal is proper where the plaintiffs' complaint fails to state a claim upon which relief can be granted." *Schaaf v. Residential Funding Corp.*, 517 F.3d 544, 549

(8th Cir. 2008) (citing Fed. R. Civ. P. 12(b)(6)).  Accepting as true all of the factual allegations contained in the complaint, the court must review the complaint to determine whether its allegations show that the pleader is entitled to relief.  *Id*.  "The plaintiffs need not prove specific facts in support of their allegations, but they must include sufficient factual information to provide the 'grounds' on which the claim rests, and to raise a right to relief above a speculative level."  *Id*. (internal citations omitted).

## II.  ALLEGATIONS IN THE COMPLAINT

Barnes-McNeely filed her complaint on December 5, 2008.  Therein, she alleges violations of 42 U.S.C. §§ 1981 and 1983 and the "federal whistleblowers protection act."  She also states that her "privacy rights and [F]ourteenth [A]mendment has been violated."  She asserts that she reported to a "higher authority" at the Arkansas Department of Human Services that she was temporarily denied "all available medical attention which led to her nearly bleeding to death due to infection from carrying a dead fetus as her former supervisor took retaliation against her."  She also asserts that she would not have been denied federal benefits, referencing the Arkansas Medicaid Program, had her name "not been divulged."

She states that "around September of 2004," she applied "for the Arkansas [M]edicaid department through Jefferson Regional Medical Center," and that the hospital worker turned in all of the information needed for case approval to her former supervisor, Rosemary Caudle ("Caudle"), "who is in charge of the [M]edicaid department."  Barnes-

McNeely asserts that her application was not registered on the date received according to the "federal guidelines," and she continued to call the hospital worker to check on her application because, at the age of 38, she was a high risk pregnancy. The Medicaid officer at "Human Services" advised her that she "needed to put in another application" because her application was not "showing up in the system." The hospital worker advised Barnes-McNeely that she gave her application to Caudle. Caudle informed the hospital worker that she forgot to register the application, but would do so as soon as possible. When she reported to her doctor's office, Barnes-McNeely was informed that she could bring documentation to demonstrate that her case was pending since she did not have a Medicaid number. She contacted Caudle and was informed that Stephanie Collins ("Collins") was assigned to her case, but Collins stated that she did not have the case in her office and that she should contact Caudle. Barnes-McNeely contacted Minnie Berry ("Berry"), Caudle's supervisor.

Barnes-McNeely states that it took longer than usual for her application to be processed, and due to her lack of assets and income, she had to go to Jefferson Comprehensive Care, a low-income facility that takes patients according to income. She states that the facility has no heart monitor, and in fact, her "baby died the same week [she] left the hospital in September after being hospitalized for dehydration and low vital readings." She asserts that because Caudle "sat on [her] application so long [she] had to carry a dead baby around for nearly two months." She states that she discovered that she

had miscarried in November, and due to the infection it caused, she had to receive six pints of blood. It appears that Barnes-McNeely seeks monetary damages and states that her medical bills were $17,000.

Barnes-McNeely asserts that Caudle referred her application to fraud investigators "out of spite" because she reported Caudle for leaving work to have her hair done and Beverly Harris ("Harris"), the fraud investigator for food stamps, was one of the workers she reported for bringing her son to work. Barnes-McNeely also asserts that Harris gave the Medicaid application to the housing authority and told them that she lived with her sister, resulting in her sister being "thrown out of housing." Berry stated that Harris "would be dealt with."

Barnes-McNeely states that she resigned from the Department of Human Services in 1999 and informed Gwen Williams ("Williams"), the county supervisor, that "some illegal things were going on." Barnes-McNeely further asserts that, although she met the minimum qualifications for the County Administrator position that she applied for "back in March," she was not interviewed "out of retaliation." She also states that Williams and Caudle gave her a bad reference when she applied for a job "at human services in [L]ittle Rock."

Barnes-McNeely states that on September 2, 2008, Harris followed her around a grocery store and harassed her in violation of her privacy. She also states that on November 10, 2008, during a meeting with a worker at the Department of Human

Services, Caudle harassed her by knocking on the door, looking at her, and closing the door.

### III.  MOTIONS TO DISMISS

The state defendants assert that Barnes-McNeely has made no factual allegations that would support her claims or rise to the level of constitutional violations.  They contend that any claims under 42 U.S.C. §§ 1981 or 1983 are barred by the applicable statutes of limitations.  They state that the allegations concerning her application occurred from September to November of 2004, and her resignation from the Arkansas Department of Human Services occurred in 1999.  They also state that the complaint does not specifically allege race discrimination.  As to the whistleblower claim, the state defendants assert that the complaint fails to specify which statute, if any, Barnes-McNeely claims was violated, and such a claim is not cognizable under 42 U.S.C. § 1981.  The state defendants also claim that Williams, Caudle, Berry, and Harris are entitled to qualified immunity in their individual capacities and are entitled to absolute immunity from suit for money damages in their official capacities pursuant to the Eleventh Amendment.  They further assert that the Arkansas Department of Human Services is not a person within the meaning of 42 U.S.C. §§ 1981 or 1983 and is entitled to sovereign immunity from suit.

The federal defendants state that the complaint contains no allegation that either of the federal defendants are sued in their individual capacity.  *See Baker v. Chisom*, 501

F.3d 920, 923-24 (8th Cir. 2007) ("If a plaintiff's complaint is silent about the capacity in which [he] is suing the defendant, we interpret the complaint as including only official-capacity claims."). They assert that the claims are barred by sovereign immunity, and claims under sections 1981 and 1983 are not cognizable against federal employees acting under color of federal law. The federal defendants also state that the federal Whistleblower's Protection Act ("WPA") provides most federal agency employees with protection against agency reprisal for whistleblowing activity and applies to present and former employees of the United States, but that Barnes-McNeely was not an employee of the federal government when the alleged events occurred. *See* 5 U.S.C. § 2105(a).

Arkansas's three-year personal injury statute of limitations applies to claims brought pursuant to 42 U.S.C.§ 1983. *Med. Liab. Mut. Ins. Co. v. Alan Curtis LLC*, 519 F.3d 466, 474 (8th Cir. 2008). Claims for hostile work environment, wrongful termination, and failure-to-transfer pursuant to 42 U.S.C. § 1981 are governed by the four-year statute of limitations. *See Jones v. R.R. Donnelley & Sons Co.*, 541 U.S. 369, 383 (2004). Clearly, Barnes-McNeely's claims arising from her employment with the Department of Human Services, which ended in 1999, and her delayed Medicaid application in September and November 2004 are barred. Furthermore, the complaint does not allege discrimination on a protected basis, such as race, pursuant to 42 U.S.C.§§ 1981 or 1983. At best, the complaint alleges retaliation, but does not sufficiently state a claim, as the complaint simply states that Barnes-McNeely reported "some illegal things

were going on." Any "whistleblower claim" is not sufficiently stated, and Barnes-McNeely does not dispute that the WPA is not applicable to her.

The court finds that Williams, Caudle, Berry, and Harris are entitled to absolute immunity from suit for money damages in their official capacities pursuant to the Eleventh Amendment, and that the Arkansas Department of Human Services is not a person within the meaning of 42 U.S.C. §§ 1981 or 1983 and is entitled to sovereign immunity from suit. *Monroe v. Arkansas State University*, 495 F.3d 591, 594 (8th Cir. 2007); *Singletary v. Missouri Dep't of Corrs.*, 423 F.3d 886, 890 (8th Cir. 2005); *Murphy v. Arkansas*, 127 F.3d 750, 754 (8th Cir. 1997); *Burk v. Beene*, 948 F.2d 489, 493 (8th Cir. 1991). The court also finds that the claims against the federal defendants are barred by sovereign immunity, and claims under sections 1981 and 1983 are not cognizable against federal employees acting under color of federal law. *Searcy v. Donelson*, 204 F.3d 797, 798 (8th Cir. 2000); *Schutterle v. United States*, 74 F.3d 846, 848 (8th Cir. 1996). Finally, Barnes-McNeely failed to oppose the motions to dismiss. For these reasons, the complaint is dismissed with prejudice for failure to state a claim.

Accordingly, the motion to dismiss filed by the state defendants (Doc. No. 11) and the motion to dismiss filed by the federal defendants (Doc. No. 15) are granted. Plaintiff Lisa Barnes-McNeely's complaint is dismissed with prejudice for failure to state a claim.

IT IS SO ORDERED this 27th day of March, 2009.

_____
UNITED STATES DISTRICT JUDGE