UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF ARKANSAS
PINE BLUFF DIVISION

**LISA BARNES-MCNEELY**                                                          **PLAINTIFF**

**v.**                                 **CASE NO. 5:08-CV-00318 BSM**

**ARKANSAS DEPARTMENT OF HEALTH
AND HUMAN SERVICES, Pine Bluff Division;
GWEN WILLIAMS, Agency Supervisor/
Coordinator, in her official and individual
capacities; ROSEMARY CAUDLE, Supervisor,
in her official and individual capacities; MINNIE
BERRY, Agency Supervisor, in her official and
individual capacities; BEVERLY HARRIS, Fraud
Investigator, in her official and individual capacities;
MIKE LEAVETT, Director, Department of Health
and Human Services; ED SCHAFER, United States
Department of Agriculture**                               **DEFENDANTS**

**ORDER**

Before the court are plaintiff Lisa Barnes-McNeely's motions for reconsideration and for default judgment and motion to amend complaint.

"As a general rule, a federal district court and a federal court of appeals should not attempt to assert jurisdiction over a case simultaneously. The filing of a notice of appeal . . . confers jurisdiction on the court of appeals and divests the district court o[f] its control over those aspects of the case involved in the appeal." *Hunter v. Underwood*, 362 F.3d 468, 475 (8th Cir. 2004) (internal quotations and citations omitted). Eighth Circuit case law, however, "permits the district court to consider a Rule 60(b) motion on the merits and deny it even if an appeal is already pending in this court, and a separate appeal may thereafter be taken to

challenge the denial." *Id*. *See also MIF Realty L.P. v. Rochester Assocs.*, 92 F.3d 752, 755 (8 th Cir. 1996) (discussing Fed. R. Civ. P. 59(e)).

To the extent that Barnes-McNeely's motions for reconsideration may be construed as Rule 59(e) or Rule 60(b) motions, and the court has jurisdiction, the court denies the motions. Barnes-McNeely has asserted no grounds for relief pursuant to Rule 60(b). Furthermore, the motion to dismiss was timely as to the defendants, Michael Leavett and Ed Schafer. *See* Fed. R. Civ. P. 12(a)(2) (providing United States employees sued in their official capacities 60 days to serve an answer); Fed. R. Civ. P. 12(a)(4). Moreover, Barnes-McNeely failed to obtain a Clerk's entry of default or default judgment prior to March 27, 2009, the date that her claims against defendants, Gwen Williams, Rosemary Caudle, Minnie Berry, Beverly Harris, and the Arkansas Department of Human Services (collectively the "state defendants"), were dismissed for failure to state a claim. Therefore, a default judgment would inappropriate.

In her motion to amend, it appears that Barnes-McNeely seeks to add claims for the denial of adequate medical care, cruel and unusual punishment, and denial of due process pursuant to 42 U.S.C. § 1983. The court is without jurisdiction to rule on this motion; however, even if it had jurisdiction, the court would deny the motion for the same reasons stated in its order dismissing this case.

Accordingly, plaintiff Lisa Barnes-McNeely's motions for reconsideration and for default judgment (Doc. Nos. 20, 23, and 24) and motion to amend complaint (Doc. No. 21) are denied.

IT IS SO ORDERED this 20th day of May, 2009.

_____
UNITED STATES DISTRICT JUDGE